CASE 61—ACTION BY THE LOUISVILLE CORNICE, ROOFING
    AND HEATING CO. AGANIST GRAINGER & CO.—
    March 4

# Grainger, &c. v. Lou. Cor. Roof. & Htg. Co.

Appeal from Jefferson Circuit Court.   (Common
Pleas Branch, Third Division).

MATT O'DOHERTY, Judge.

Judgment for plaintiff.   Defendant appeals—Re-
versed.

1.  Contracts—Liability for Breach—Failure to Comply with Bid
    for Work on Building.—Plaintiff on January 5th made a propo-
    sition in writing to a general contractor to furnish and erect
    sheet metal work and composition roofing on a building, and
    he on February 5th indorsed it: "Accepted in conformity of
    contract to be made hereafter." The contract itself was dated
    March 3, 1906, and signed on March 26th following. Defendant
    on March 10th addressed a bid to plaintiff to do certain cornice
    work, and, when plaintiff accepted the same by letter on March
    26th following, defendant refused to accept the acceptance on
    the ground that it had made a mistake in the amount. Plaintiff
    let the contract for the work to otners at an increased cost,
    and sued defendant to recover the difference on the ground
    that it had made its contract on March 26 with the general
    contractor on the faith of defendant's proposition made on
    March 10th. Held, that plaintiff's liability to the general
    contractor was incurred when its proposition was first
    accepted on February 5th, at which time defendant had
    not even asked for a bid, and defendant was not liable,
    though plaintiff after the receipt of its formal contract pro-
    ceeded to get bids from others, and did not sign it till they
    were received.

FRED FORCHT, JR., for appellant.

PETER & NEWCOMB and BECKLEY & SCOTT for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Plaintiff, Louisville Cornice, Roofing & Heating Company, instituted this action against Grainger & Co. to recover damages for the latter's failure to comply with the contract hereinafter referred to. Plaintiff obtained judgment for $466.21. From this judgment, Grainger & Co. appeals.

The Louisville Cornice, Roofing & Heating Company is a corporation with its principal place of business in the city of Louisville, and is engaged in the galvanized iron roofing and heating business. Grainger & Co. is also a corporation, located in the same city, and engaged in the structural iron and foundry business. In the fall of 1905 the Jefferson Realty Company proposed to erect in the city of Louisville a modern office building at the southwest corner of Fourth and Jefferson streets. This building was to be known as the Paul Jones Building. Herman Probst, a resident of New York City, secured the general contract for the erection of this building. On January 5, 1906, the Louisville Cornice, Roofing & Heating Company made a proposition to Herman Probst, the general contractor, to erect the sheet metal work and composition roofing on the Paul Jones building for the sum of $3,750. This proposition was in writing, and is as follows: ''Louisville, Ky., Jan. 5, 1906. Mr. H. Probst, City—Dear Sir: We propose to furnish and erect the sheet metal work and composition roofing on the 'Jones' building, this city, according to plans and specifications prepared for same by Frank M. Andrews, architect, for the

sum of thirty-seven hundred and fifty ($3,750) dollars. Respectfully submitted, The Louisville Cornice Roofing and Heating Company, by Emile E. Bourlier, Sec'y and Treas.   Accepted in conformity of contract to be made hereafter.   H. Probst.   Feb. 5th, 1906." Some time after the acceptance of this proposition by Probst, the Louisville Cornice, Roofing & Heating Company requested Grainger & Co. to make a bid and proposition for furnishing and erecting certain iron lookouts necessary for the cornice on said building.   On March 10, 1906, Grainger & Co. addressed the Louisville Cornice, Roofing & Heating Company the following letter: "Louisville, Ky., March 10, 1906.   Bourlier Cornice & Roofing Co., 226 Tenth St., City—Gentlemen: We propose to furnish and erect for Jefferson Realty Company's Building, Angle Iron Look Outs for cornice, as shown on Architect's Sheet No. 14, for the sum of two hundred and thirty-five ($235.00) dollars.   Respectfully, Grainger & Co., by Henry H. Martin."   No response was received by Grainger & Co. to this letter until March 27, 1906, when the following letter was received: "Louisville, Ky., March 26th, 1906.   Mess. Grainger Co., City.   We will accept your proposition dated March 10th, for furnishing and erecting the Angle Iron Lookouts for cornice on the Jefferson Realty Co.'s building, this city, as shown on architect's detail, amounting to two hundred and thirty-five ($235.00) dollars.   We will furnish you with full size detail of this work in the course of the next few days, also would ask you to stop in here and read specifications in reference to same or else you can see the specifications at Mr. Probst's office in the Equitable Bldg.   We will want you to put up this work

as our work goes up. Yours very truly, Louisville Cornice & Roofing Co.'' Immediately upon receipt of this letter. Grainger & Co. sent to the Louisville Cornice, Roofing & Heating Company the following letter: ''Louisville, Ky., March 27, 1906. Louisville Cornice, Roofing and Heating Co., 226 Tenth St., City —Gentlemen: We have yours of March 26th wherein you accept our proposition of March 10th of $235.00. This is an eror on our part and should have read two thousand three hundred and fifty ($2,350.00) dollars. We therefore cannot accept your acceptance of March 26th, but if the $2,350.00 is accepted we will furnish and erect the work. Respectfully, Grainger & Co., by Henry H. Martin.''

Plaintiff bases its right of recovery upon the fact that it entered into a contract with Herman Probst upon the faith of the proposition made by Grainger & Co. in its letter of March 10th; its proposition in this matter being that it did not enter into the final contract to do the work in question until March 26th. The contract itself was dated March 3d, but was not signed until March 26th, at which time Grainger & Co.'s bid was before plaintiff, and it entered into the contract on the basis of that bid. The petition charges that, upon the failure of Grainger & Co. to comply with its proposition, plaintiff was forced to enter into another contract to have said angle iron lookouts for said building furnished and erected, and that the best contract it could obtain after due diligence on its part with the Dow Wire Works, of Louisville, which agreed to do the work for $701.21. Judgment was asked for the difference between Grainger & Co.'s bid and that of the Dow Wire Works, amounting to the sum of $466.21. We are unable to see upon what

theory it can be claimed that plaintiff's contract with Herman Probst was entered into by plaintiff on the basis of Grainger & Co.'s bid. Its proposition to Probst was made on January 5, 1906. This proposition was to erect the sheet metal work and composition roof according to the plans and specifications prepared for same by Frank M. Andrews, architect, for the sum of $3,750. The proposition was accepted on February 5, 1906. The fact that Probst in accepting the contract used the words, "Accepted in conformity of contract to be made hereafter," did not make his acceptance merely conditional. All that was contemplated by that language was that a formal contract should be drawn between the parties. That this construction of the language is correct is shown by their subsequent conduct. The contract of March 3d, and which plaintiff claims was not signed until March 26th, simply embodied in a formal and legal way the provisions of the proposition theretofore accepted. This contract did not add or subtract from plaintiff's liability on its proposition of January 5th. By that proposition it was already bound. Plaintiff's secretary admits that plaintiff had not communicated with Grainger & Co. at the time its written proposition to Probst was submitted. Plaintiff further admits that this proposition was accepted on February 5, 1906. This being the case, we are unable to see upon what theory it can be claimed that the contract between plaintiff and Probst was entered into on the basis of the bid made by Grainger & Co. Plaintiff incurred its liability when its proposition to Probst was accepted on February 5th. At that time Grainger & Co. had not even been asked for a bid. How, then, can it be said that Grainger & Co. is liable in dam-

ages because plaintiff entered into a contract with Probst on the basis of Grainger & Co.'s bid? It may be, as claimed by plaintiff, that after the receipt of the contract of March 3d it proceeded to get bids from other parties, and that it did not sign the contract until after these bids were received; but its liability to Probst had already been incurred. Its proposition to do the work for $3,750 had been accepted. This proposition was not made on the basis of Grainger & Co.'s bid. If it be not a fact that plaintiff's contract with Probst was made on February 5, 1906, we cannot understand upon what basis it is sought to hold Grainger & Co. liable for its written proposition which plaintiff claims to have accepted on March 26th. If a written proposition and acceptance in the one case constitute a contract, it should also constitute a contract in the other case. But as plaintiff sought to recover of Grainger & Co. upon the sole ground that it contracted with Probst upon the basis of Grainger & Co.'s bid, and as it is conclusively shown that plaintiff's contractual liability was assumed long before Grainger & Co.'s proposition was made, or it was even asked for a bid, it necessarily follows that plaintiff failed to establish its case. Therefore the court should have given a peremptory instruction in favor of the defendant.

We deem it unnecessary to discuss the other questions presented by the record.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.